FARMER, J.,
concurring specially.
I concur in Judge Klein’s conclusion that rule 3.050 may be used to extend the 2-year deadline for filing motions seeking post-conviction relief under rule 3.850. In Allen v. Butterworth, 756 So.2d 52 (Fla.2000), the court made clear that the Legislature has no power to establish procedural deadlines affecting post-conviction relief. As the court held:
“we conclude that the writ of habeas corpus and other postconviction remedies are not the type of ‘original civil action’...for which the Legislature can establish deadlines pursuant to a statute *118 of limitations. Due to the constitutional and quasi-criminal nature of habeas proceedings and the fact that such proceedings are the primary avenue through which convicted defendants are able to challenge the validity of a conviction and sentence, we hold that article V, section 2(a) of the Florida Constitution grants this Court the exclusive authority to set deadlines for posteonviction motions.”
756 So.2d at 62. If not for Allen I would conclude that' the deadline set forth in section 924.051(6) is a statute of limitations on such relief that courts would be powerless to enlarge.
I do think that the 2-year period selected by the supreme court for relief under rule 3.850 was chosen in recognition of the fact that persons seeking its relief are prisoners and usually lack counsel when they file such motions. Thus I do not believe that their status as prisoners is a sufficient reason to grant routine enlargements under rule 3.850. In this case the prisoner showed that he had temporarily lost possession of his “legal papers” and thus needed additional time to file his motion. On that basis I join in the enlargement.